UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOHN DENOFA,                           :
                                       :
       Petitioner,                    :    Civ. No. 13-7830 (RBK)
                                       :
    v.                                 :    **OPINION**
                                       :
STEPHEN D'ILIO, et al.,                :
                                       :
       Respondents.                   :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the Court is petitioner's motion to stay these proceedings so that he can exhaust his claims that post-conviction relief ("PCR") counsel was ineffective and his motion for the state to complete the record. For the following reasons, both motions will be denied.

## II.    BACKGROUND

Petitioner was convicted of murder and is currently serving a life sentence with a thirty-year period of parole ineligibility. Petitioner filed the instant federal habeas petition in December, 2013. The habeas petition raises four claims; specifically:

1. Petitioner was deprived of his right to a fair trial when the law division neglected to provide adequate jury instructions.

2. Petitioner's trial counsel was cumulatively ineffective resulting in prejudice.

3. Petitioner's appellate attorney was prejudicially ineffective during direct review.

4. Petitioner's PCR attorney was prejudicially ineffective for neglecting to research, investigate, advance and support numerous claims petitioner had insisted be advanced.

Respondent has filed an answer in response to the habeas petition. Among the issues raised in the answer was that petitioner failed to exhaust some of his federal habeas claims. Subsequently, petitioner filed a motion to stay the proceedings so that he could exhaust his claim(s) that PCR counsel was ineffective. Additionally, petitioner filed a motion to have the respondent supplement the record. He claims that two letters between him and the PCR judge from October, 2013 as well as a letter from the PCR judge to the Camden County Prosecutor demonstrate his attempts to have his claims exhausted in the state courts and give a fuller understanding of the claims presented.

### III. DISCUSSION

A. Motion to Stay and Abey

A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1)[1], the United States Court of Appeals for the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petition who timely files a mixed petition [containing both exhausted and

---

[1] Section 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. Since *Crews*, the United States Supreme Court has explained when a stay should be issued; specifically:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . .
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

As stated above, petitioner seeks a stay and abeyance of these federal habeas proceedings so that he can exhaust his claims that PCR counsel was ineffective. However, petitioner's request for a stay so that he can exhaust his claim(s) that PCR counsel was ineffective will be denied as the claim is meritless on its face as it is not a cognizable claim under § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Poole v. New Jersey*, No. 09-1923, 2010 WL 2952118, at *11 (D.N.J. July 21, 2010) ("Petitioner's claim regarding ineffective assistance of counsel by PCR counsel is not cognizable in a habeas claim.") (citation omitted).

    B. <u>Motion to Complete the Record</u>

Petitioner has also filed a motion for respondent to complete the record. Respondent argues in part in answering the habeas petition that some of petitioner's claims are unexhausted. In his motion, petitioner requests that the respondent complete the record with two letters between him and the PCR judge from October, 2013, as well as a November, 2013 letter between the PCR judge and the Camden County Prosecutor. He states that these documents indicate his attempts to exhaust.

The Court does not see the need at this stage of the proceedings to have the respondent supplement the record. Petitioner can presumably attach any documents to any reply/traverse he may elect to file in responding to respondent's lack of exhaustion assertions. Furthermore, petitioner does not indicate how these purported documents show that he has exhausted his claims. Indeed, exhaustion requires petitioner to raise his claims before all three levels of the New Jersey state courts, not just before the New Jersey Superior Court. *See Jimenez v. Riordan*, No. 14-4349, 2014 WL 4244226, at *2 (D.N.J. Aug. 26, 2014) ("The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.") (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Therefore, at this stage of the proceedings, the Court will deny petitioner's motion to complete the record without prejudice.

Petitioner has also requested an extension of time to file a traverse/reply to his habeas petition. Given the fact that the motion to stay and motion to complete the record are being denied through this Opinion and accompanying Order, the Court will give petitioner thirty days

from the date of this Opinion and accompanying Order in which to file a traverse/reply to his habeas petition.

## IV.   CONCLUSION

For the foregoing reasons, petitioner's motion to stay will be denied and his motion for respondent to complete the record will be denied without prejudice.  Petitioner shall be given thirty days in which to file his traverse/reply to his federal habeas petition.


DATED:  January 13, 2015

                                                                        s/Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge