UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN DENOFA, :
:
       Petitioner, :    Civ. No. 13-7830 (RBK)
:
v. :
:
STEPHEN D'ILIO, et al., :    **OPINION**
:
       Respondents. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a state prisoner *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the Court is petitioner's motion to stay and abey these proceedings. For the following reasons, the motion to stay and abey will be denied.

## II.    BACKGROUND

Petitioner was convicted of murder and is currently serving a life sentence with a thirty-year period of parole ineligibility. After his direct appeal was ultimately unsuccessful, petitioner filed an initial post-conviction relief ("PCR") petition in 2007. That petition was denied by the New Jersey Superior Court in a written opinion on November 13, 2008. Petitioner then appealed to the Appellate Division. His appeal ultimately included a *pro se* brief and appendix in support of his appeal. (*See* Dkt. No. 9-42) Among the issues that petitioner raised in that brief was that trial counsel's cumulative errors amounted to ineffective assistance of counsel. Petitioner recited four issues that he claimed, when considered in their totality, warranted a reversal of his conviction: (1) lack of objections to prosecutorial misconduct; (2) flawed instruction; (3) denial of presence and public trial; and (4) trial counsel's deception. The purported flawed instruction

charge that petitioner complained of in his *pro se* appellate brief related to territorial jurisdiction. The Appellate Division affirmed the denial of petitioner's initial PCR petition on September 19, 2012.

Petitioner then filed a petition for certification with the New Jersey Supreme Court. The New Jersey Supreme Court denied certification on petitioner's first PCR petition on September 10, 2013.

As petitioner's initial PCR petition was working its way through the state courts on appeal, he filed a motion with the Superior Court on January 26, 2011 to file a successive PCR petition. (*See* Dkt. No. 9-62) In that successive PCR petition, petitioner sought to add arguments to his cumulative error argument that had not been raised in his initial PCR petition. On June 6, 2011, the Superior Court denied the successive PCR petition without prejudice as petitioner had his initial PCR petition pending on appeal.

Thereafter, on October 3, 2013 (or after the New Jersey Supreme Court denied certification on his initial PCR petition), petitioner sought to reactivate his successive PCR petition in the Superior Court. (*See* Dkt. No. 9-67) The New Jersey Superior Court denied the successive PCR petition on February 11, 2014. (*See* Dkt. No. 9-72) Petitioner has appealed that denial to the Appellate Division. (*See* Dkt. No. 57)

Petitioner filed the instant federal habeas petition in December, 2013. The habeas petition raises four claims; specifically:

1. Petitioner was deprived of his right to a fair trial when the law division neglected to provide adequate jury instructions ("Claim I").
2. Petitioner's trial counsel was cumulatively ineffective resulting in prejudice ("Claim II").

   3. Petitioner's appellate attorney was prejudicially ineffective during direct review ("Claim III").
   4. Petitioner's post-conviction relief ("PCR") attorney was prejudicially ineffective to research, investigate, advance and support numerous claims petitioner had insisted be advanced ("Claim IV").

Most relevant to this Opinion, petitioner states with respect to Claims II, III and IV that he "relies on the pro-se brief filed on appeal of the *initial* PCR application, and on the forthcoming memorandum of law." (Dkt. No. 1 (emphasis added)) Petitioner did not submit a memorandum of law.

Respondents answered the petition. Subsequently, petitioner filed his first motion to stay and abey. That motion to stay was denied on January 14, 2015. Thereafter, petitioner sought an extension of time to file a reply brief which was granted. However, rather than file a reply brief within the newly extended time allotted, petitioner filed another motion to stay in March, 2015. That motion is currently pending before this Court. Petitioner seeks a motion to stay as his successive PCR petition is still pending in the state courts.

### III.   DISCUSSION

A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g.*, *O'Sullivan v. Boerckel*,

526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1)[1], the United States Court of Appeals for the Third Circuit has held that "[s]taying a

---

[1] Section 2244(d) states as follows:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petition who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. Since *Crews*, the United States Supreme Court has explained when a stay should be issued; specifically:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . .
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner argues as follows in his motion to stay:

> The ultimate question is whether or not petitioner has a likelihood of success on the merits of the issues he is asking to exhaust. The merits of this case cannot be separated into only the merit of each issue that has not been exhausted, as petitioner is claiming cumulative error. Every small issue becomes a part of the greater claim, so each issue presented has the potential impact of a series of individually harmless errors becoming cumulatively prejudicial. For that reason, it is enough for the court to know that several issues listed as examples in the successive PCR filings are contributors to the complete picture being painted in these proceedings.

---

28 U.S.C. § 2244(d).

> Additionally, a significant issue was presented to the Law Division on petitioner's second PCR several times when he provided examples of issues that he wanted to raise before a ruling was made, but the issue was ignored. That issue deals with trial and appellate counsel being ineffective regarding the jury not being given a charge for preventing apprehension, or some other lesser-included offense that would allow for a not-guilty verdict on murder, but a conviction for another offense regarding the victim's corpse being dropped off in New Jersey. Petitioner insisted that PCR counsel advance this issue and claim that trial counsel should have objected to the charge not being given, and appellate counsel should have raised the issue under plain error on direct review. Petitioner has presented letters proving that he asked PCR counsel to advance these claims, so he cannot be procedurally barred, and there is a high likelihood of success on the those issues/grounds.

(Dkt. No. 16 at p. 8-9)

After petitioner filed his federal habeas petition, this Court provided him with the required *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) notice. That notice afforded petitioner two options: (1) petitioner could proceed with his habeas petition "as-is"; or (2) he could withdraw his habeas petition and file one complete petition that raised all of his claims in an amended petition. By not responding to the *Mason* notice, petitioner chose to proceed with his habeas petition "as-is."

Petitioner based his claims in his federal habeas petition on his claims that he made in his *initial* PCR petition. However, in his motion to stay, petitioner now seeks to stay and abey this action so that he can fully exhaust claims raised in his successive state PCR petition. Accordingly, petitioner is effectively seeking to stay and abey these proceedings on claims he failed to include in his federal habeas petition. Thus, even if this Court would stay and abey these proceedings, it would not preserve petitioner's ability to preserve the claims he is seeking to exhaust in his successive PCR petition in state court because they were not raised in the operative habeas petition presently pending before this Court and answered by respondents.

Additionally, the only "good cause" basis that petitioner gives for staying this action relates to a purported claim that counsel should have requested a preventing apprehension jury charge or lesser-included offenses. Indeed, petitioner claims that he insisted that PCR counsel should have advanced these issues. Ineffective assistance of PCR counsel may constitute "good cause" to warrant staying the proceedings under *Rhines*. *See Swan v. Coupe*, 967 F. Supp. 2d 1008, 1012 (D. Del. 2013). However, upon examining petitioner's successive PCR briefs (*see* Dkt. Nos. 62 & 63) filed in the Superior Court, this Court cannot find any indication that petitioner in fact raised this issues as claims in his successive PCR petition that has formed the basis of this motion to stay. (*See id.*)

As to the other specific issue presented in his motion to stay, cumulative error, petitioner gives no indication in his motion to stay what "good cause" prevented him from raising a larger cumulative error claim in his initial PCR petition that would have included not just the errors raised in the initial PCR petition, but also the errors raised in his successive PCR petition. It is worth noting that while petitioner raised a cumulative error claim in his first PCR petition and in his federal habeas petition, by seeking to add purported errors to that claim through arguments raised in his successive PCR petition, it constitutes a new claim because the Court would have to consider additional arguments and claims when making a cumulative error analysis.

Accordingly, this Court finds that a stay is not warranted at this time. As the stay motion will be denied, the Court will analyze petitioner's pending federal habeas petition in due course.

## IV.     CONCLUSION

For the foregoing reasons, petitioner's motion to stay will be denied. An appropriate order will be entered.

DATED:  December 21, 2015

<u>s/Robert B. Kugler</u><br>
ROBERT B. KUGLER<br>
United States District Judge